**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:13-cv-01282-STA-egb |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER  REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**
_

Plaintiff Patricia York filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act").  Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration.  Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on February 17, 2012.  On June 11, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits.  The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision.  For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party.  "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying,

or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award

---

[1]  42 U.S.C. § 405(g).

[2]  *Id.*

[3]  *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).  *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4]  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5]  *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6]  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7]  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[8]

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[9] "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[10] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on October 31, 1961, and was forty eight years old at the time of the filing of her application for benefits on May 10, 2010.[11] She has a twelfth grade education. Plaintiff alleges disability due to osteoarthritis[12] with an amended alleged onset date of May 31, 2008.[13]

---

[8] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

[9] *Id.* at 176 (citations omitted).

[10] *Id.*

[11] (R. 113-114, ECF No. 7-7.)

[12] (*Id.* at 117.)

[13] (R. 12, ECF No. 7-3.)

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements through December 31, 2008; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has severe impairments of osteoarthritis and bilateral leg pain, but she does not have an impairment or combination of impairments that met or equaled a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 through her date last insured; (4) Plaintiff retained the residual functional capacity to perform a full range of sedentary work through her date last insured; (5) Plaintiff could perform her past relevant work as a program manager; alternatively, using the Medical-Vocational Guideline 201.19 as a framework yields a finding of not disabled; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[14]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[15] The claimant bears the ultimate burden of establishing an entitlement to benefits.[16] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[17]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

---

[14] (*Id.* at 14 - 18.)

[15] 42 U.S.C. § 423(d)(1).

[16] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[17] *Id.*

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[18]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[19] Here, the sequential analysis proceeded to the fourth and fifth steps. The ALJ found that Plaintiff could perform her past relevant work and that there was other work that exists in substantial numbers in the national economy that she could perform. The Commissioner agrees that the ALJ's step four finding that Plaintiff could perform her past relevant work was in error.[20] Therefore, the Court will look only at whether the ALJ correctly found that Plaintiff could perform other work at step five of the sequential process.

Plaintiff contends that the ALJ's finding that she could perform a full range of sedentary work relied upon his apparent misunderstanding of the opinions of the non-examining state agency review doctors and his improper mischaracterization of Plaintiff's activities of daily living. The Court finds Plaintiff's arguments to be persuasive.

---

[18] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[19] 20 C.F.R. § 404.1520(a).

[20] (Resp. at p. 10, ECF No. 19.)

Plaintiff received her primary care for osteoarthritis and bilateral leg pain at Magnolia Regional Health Center.[21] The ALJ found that these "impairments could reasonably be expected to cause the alleged symptoms; however [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not credible to the extent that they [were] inconsistent with the … residual functional capacity assessment."[22] In making his decision, the ALJ gave "great weight" to the opinions of James P. Gregory, M.D., and Louise G. Patikas, M.D., the non-examining state agency doctors.[23] "As far as opinion evidence, the residual functional capacity conclusion reached by the physicians employed by the State Disability Determination Services supports a finding that the claimant is able to work."[24] According to the ALJ, neither Dr. Gregory nor Dr. Patikas opined that Plaintiff was "disabled or even [had] limitations greater than those determined in this decision."[25] "In sum, the above residual functional capacity assessment is supported by the objective medical findings, and the state agency medical consultants' opinions."[26]

In September 2010, Dr. Gregory reviewed the medical record and determined that there was a lack of objective evidence prior to the date last insured so as to make the record "technically insufficient.[27] He did not opine that Plaintiff had an impairment and resulting

---

[21] (R. 221 – 244, 257 – 265, ECF No. 7-10; R. 322 – 342, ECF No. 7-11.)

[22] (R. 16, ECF No. 7-3.)

[23] (*Id.* at p. 17.)

[24] (*Id.*)

[25] (*Id.*)

[26] (*Id.*)

[27] (R. 285-88, ECF No. 7-10.)

limitations, but he also did not opine that she did not have an impairment and resulting limitations. All that can be gained from Dr. Gregory's opinion or from Dr. Patikas' opinion, which agreed with that of Dr. Gregory,[28] is that neither physician had enough information to render an opinion. The ALJ could not properly rely on or give great weight to a non-opinion.

Additionally, the ALJ erred in his assessment of Plaintiff's credibility. In making his assessment, the ALJ looked at a "function report" filled out by Plaintiff on May 25, 2010.[29] Based on this report, the ALJ found that Plaintiff "was capable of preparing simple meals, performing light household chores going shopping, gardening, managing finances, visiting family, and driving a vehicle" and that "[t]hese activities [were] consistent with a broad range of activities of daily living."[30] The ALJ gave "these activities of daily living . . . significant weight as to [Plaintiff's] ability to sustain substantial gainful activity."[31]

It appears that the ALJ misread Plaintiff's statements about her activities and then relied on that misreading in making his decision. Plaintiff actually stated that she had to nap daily; was limited to walking on her porch; had trouble sleeping; could not lift her arms to put on her bra or shirt; could not wash or comb her hair; could not shave under her arms; hurt every time she bent over; had to use a handicap toilet; was in pain putting on her socks and shoes and slipping into her pants; could only prepare cereal, sandwiches, and one course meals; could not open jars, reach into cabinets, or reach forward; could hardly vacuum; could only do about two hours of housework per week; could not do yard work; could not bend; could not garden; could only shop two times per month for two and a half hours; could watch television for thirty minutes; could

---

[28] (R. 297, ECF No. 7-11.)

[29] (R. 139, ECF No. 7-7.)

[30] (R. 17, ECF No. 7-3.)

[31] (*Id.*)

not sit very long in a boat; could bend briefly; was limited to talking on the phone with family and visited her sister-in-law once monthly; could only lift three pounds; could only walk slowly and with very small steps; could not reach; and could only walk 100 feet slowly and then rest five minutes.[32]

The Commissioner argues that the limited activities described in the function report in May 2010 resulted from impairments that appeared after her last date insured and are, therefore, not relevant.[33]   However, the ALJ did not make this distinction in his decision.  Instead, he specifically gave "significant weight" to the activities described in the function report and then mischaracterized those activities.  This is an error that requires remand even if other evidence might support the ALJ's decision.[34]

The combination of errors by the ALJ in this case, including reliance upon a misunderstanding of the non-examining state agency review doctors' assessments and the mischaracterization of the function report and, thus, an incorrect assessment of Plaintiff's credibility, lead the Court to find that the residual functional capacity assessment for sedentary work is not supported by substantial evidence and was not formulated in accordance with correct legal standards.

---

[32]  (R. 139 - 144, ECF No. 7-7.)

[33]  (Resp. at 6, ECF No. 19.)

[34]  *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (explaining that an ALJ's explanation "as to credibility which [is] not consistent with the entire record and the weight of the relevant evidence" will not "pass muster"). *See also Kalmbach v. Comm'r of Soc. Sec.,* 409 F. App'x 852, 864 (6th Cir. 2011) (rejecting the ALJ's conclusion that the claimant engaged in "essentially normal daily and social activities" because it "grossly mischaracterize[d] the available evidence").

Having determined that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings. Therefore, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing consistent with this order.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 5, 2016